UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

EDMOND MALONE, Individually
and on behalf of all other
Individuals similarly situated,

               Plaintiffs,

    -against-

TRI STATE LLC, TRI STATE GATE LLC,
GARON FENCE CO. INC., d/b/a BEDFORD
IRON WORKS, MATTHEW PRATO
and GREGG PRATO,

               Defendants.

------------------------------------X

DOCKET NO:

JUDGE CONNER
(JURY TRIAL DEMANDED)

08 CIV. 3370

    Plaintiff Edmond Malone, by and through his attorneys Danzig Fishman and Decea, on behalf of himself and others similarly situated, complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated employees and former employees who worked for defendants as unskilled and skilled laborers and in similar capacities and were paid hourly and who were treated as employees (subject to withholding) by defendants, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid wages from

1

defendants for overtime work for which they did not receive any overtime premium pay, and (ii) entitled to liquidated damages and reasonable attorneys fees pursuant to FLSA 29 U.S.C. § 201 *et seq.* Plaintiff Malone on behalf of himself has claims pursuant to the New York State Labor Law that (i) he is entitled to unpaid wages for overtime work for which he did not receive overtime pay, and (ii) he is entitled to liquidated damages pursuant to New York Labor Law § 160, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' New York State law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of New York, White Plains Division pursuant to 38 U.S.C. § 1391(b) and Rule 21 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Division of Business Among District Judges, Southern District.

4. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff Malone has consented in writing to filing of this FLSA collective action and the consent is being filed with the Court.

## THE PARTIES

6. Plaintiff Edmond Malone (hereinafter "Plaintiff "Malone") is a resident of Westchester County in the State of New York.

7. Upon information and belief, defendant Tri State Gate LLC (hereinafter "Tri State Gate") is a New York limited liability company.

8. Upon information and belief, Tri State Gate has its principal offices at 323 Railroad Avenue, Bedford Hills, New York 10507.

9. Upon information and belief, defendant Tri State LLC (hereinafter Tri State) is a fictitious entity owned and controlled by Gregg Prato and Matthew Prato.

10. Upon information and belief, Tri State has its principal place of business at 323 Railroad Avenue, Bedford Hills, New York 10507.

11. Upon information and belief, defendant Garon Fence Co. Inc. d/b/a Bedford Iron Works (hereinafter Garon Fence) is a New York corporation.

12. Upon information and belief, Garon Fence has its principal offices at 323 Railroad Avenue, Bedford Hills, New York 10507.

13. Plaintiff Malone was hired by Garon Fence on or about September 2002.

14. Plaintiff Malone worked for a division of Garon Fence which later became known as Tri State the fictitious company, on or about July 2006.

15. Upon information and belief, Garon Fence is a closely held corporation partially or fully owned by Gregg Prato.

16. Upon information and belief, Tri State Gate is an entity whose members are Gregg Prato and Matthew Prato.

17. Plaintiff Malone was paid by a payroll check from Tri State, the fictitious company.

18. Upon information and belief other plaintiffs were paid by Tri State, the fictitious company.

## ALLEGATIONS COMMON TO ALL CLAIMS

19. The defendants are in the business of fabricating and installing fences and gates and installing and servicing electronic gates in the greater New York and Connecticut area.

20. Plaintiff Malone and the other plaintiffs were direct employees of some or all of the defendants.

21. Plaintiff Malone installed and serviced gates including electronic gates for defendants.

22. Plaintiff performed his work and received weekly paychecks.

23. Defendants required plaintiffs, including Plaintiff Malone, to work in excess of forty hours per week.

24. Defendants required plaintiffs, including Plaintiff Malone, to work six (6) days per week and ten (10) hours per day.

25. Defendants told the plaintiffs including Plaintiff Malone that plaintiffs were salaried employees and therefore no overtime pay was required.

26. Defendants posted fliers in the workplace that set forth the aforesaid policy.

27. At all times relevant herein, defendants tracked the hours of work for each plaintiff, including Plaintiff Malone.

28. At all times relevant hereto defendants withheld employment taxes such as FICA and Social Security taxes from the paychecks of plaintiffs, including Plaintiff Malone.

29. At all times relevant herein plaintiffs, including

Plaintiff Malone, who worked more than forty (40) hours per week for defendants, received payment that did not exceed forty (40) hours.

30.  Plaintiff Malone on numerous occasions demanded that defendants pay him and the other plaintiffs overtime for the hours worked by plaintiffs in excess of forty (40) hours per week.

31.  At all times relevant herein defendants failed and refused to pay overtime premium pay to plaintiffs including Plaintiff Malone.

32.  Plaintiffs, including Plaintiff Malone, were required to maintain a Day/Date Book, detailing the time and date for each job at or for which each plaintiff was required to perform services or supply goods.

33.  Plaintiffs, including Plaintiff Malone, were required to fill out a job ticket containing the time spent on each job, the travel to and from the job and the materials used on each job.  Each ticket was required to be submitted to defendants at their main office in Bedford Hills, New York, each day.

34.  When dispatched to the three (3) annually scheduled service calls for each customer, plaintiffs, including Plaintiff Malone, were required to fill out service forms

6

recording the date, time spent and materials used and was required to file the forms at defendants' main office.

<u>Plaintiffs Duties Integral to Defendants' Business</u>

35. At all times relevant herein, the duties performed by plaintiffs for defendants were necessary and integral to defendants' operations and the conduct of their business in that the services performed directly inured to the benefit of defendants.

<u>Defendants Controlled and Supervised Plaintiffs</u>

36. At all times relevant herein, defendants controlled and supervised plaintiffs, including Plaintiff Malone.

37. At all times relevant hereto, defendants set the hours of work for plaintiffs, including Plaintiff Malone.

38. At all times relevant hereto, defendants would not have paid plaintiffs, including Plaintiff Malone, if the day/date book and job tickets were not prepared and filed at defendants' offices.

39. At all times relevant hereto, defendants had the power to terminate plaintiffs, including Plaintiff Malone, who were employees at will.

40. Plaintiffs, including Plaintiff Malone, did not have any supervisory responsibility over any other employee.

41. Plaintiffs, including Plaintiff Malone, did not have the authority to hire or terminate any employee.

42. Plaintiff worked exclusively for defendants. At all times herein mentioned plaintiffs, including Plaintiff Malone, had a permanent relationship with defendants. Plaintiff Malone worked for the defendants from September 2002 to March 16, 2007.

43. Plaintiff Malone worked for defendants in excess of sixty (60) hours per week.

44. While working for defendants, plaintiffs, including Plaintiff Malone, were not paid a rate of one and one half times their regular rate of pay for all the hours worked in excess of forty (40) hours each week.

AS AND FOR A FIRST CLAIM
<u>UNPAID OVERTIME- FLSA, 29 U.S.C.§ 201 *et seq.*</u>

45. Plaintiff alleges and incorporates by reference the allegations of plaintiffs "1" through "44" as though fully set forth at length here.

46. Plaintiff Malone consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b) and his consent is being filed with the Court.

47. As to plaintiffs who will opt-in to this collective action, their consents will be filed with the Court.

48. While claims certification pursuant to Fed. R. Civ. P. 23 is not required for an FLSA collective action, defining the class of eligible FLSA plaintiffs is useful

and the Court will be asked to order defendants to produce the names and addresses and other information for the members of the class.

The FLSA Class

49. The class of eligible opt-in plaintiffs consists of all persons who worked for defendants as gate technicians, service technicians, installers and laborers who were paid at an hourly rate and whose employers withheld employment taxes such as FICA and Social Security taxes at any time from three (3) years prior to the filing of the case to the entry of judgment in this case (the "class" and "class period", respectively).

50. The precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants. Upon information and belief, there are over forty (40) members of the class during the class period.

51. There are questions of law and fact common to this class which predominate any questions solely affecting individual members of the class, including:

> (i) Whether defendants failed and/or refused to pay plaintiffs premium pay for the hours worked in excess of forty (40) hours per week pursuant to FLSA; and

(ii) Whether the defendants are joint-employers of the plaintiffs within the meaning of the FLSA.

52. The claims of the representative party are typical of the claims of the class and the representative party will fairly and adequately protect the interests of the class.

53. A collective action is superior to other available methods for the fair and efficient adjudication of the action particularly in wage and hour litigation where the individual plaintiffs lack the financial resources vigorously to prosecute a lawsuit in federal court against the corporate defendants.

54. Defendants have at all times mentioned herein acted or refused to act on the grounds generally applicable the class thereby making appropriate adjudication for the class as a whole.

55. At all times relevant to this action plaintiffs, including Plaintiff Malone, were employed by one or more of the defendants within the meaning of the FLSA.

56. At all times relevant to this action plaintiffs, including Plaintiff Malone, engaged in commerce and/ or defendants were an enterprise engaged in commerce including interstate commerce with in the meaning of 29 U.S.C. §§ 206 (a) and 207 (a).

57. At all times relevant to this action, upon

information and belief, defendants transacted and continue to transact commerce and business in excess of $500,000 annually or have revenues in excess of $500,000 annually, for all applicable periods in question.

58. At all times relevant to this action, defendants failed and willfully failed to pay plaintiffs, including Plaintiff Malone, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week, in violation of 29 U.S.C. § 207.

59. As a result of defendants' FLSA violations, plaintiffs, including Plaintiff Malone, are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys fees, and the costs of the action pursuant to 29 U.S.C. § 216(b) all of which is presently unknown but believed to be in excess of $5,000,000.

### AS FOR A SECOND CAUSE OF ACTION
### UNPAID OVERTIME- NEW YORK STATE LABOR LAW ART. 5

60. Plaintiffs allege and incorporate by reference the allegations of the plaintiffs "1" through "59" as though fully set forth at length herein.

61. Plaintiff Malone worked for defendants as a gate

technician and installer since his employment with the defendants on or about September 2002 until his termination on March 16, 2007.

62. Plaintiff Malone provided work, labor and services as a direct employee of defendants in excess of forty hours per week during his employment.

63. Plaintiff Malone never received overtime pay in excess of forty hours per week for any time he worked for defendants in excess of forty hours per week.

64. When overtime pay was requested by Plaintiff Malone defendants told Plaintiff Malone that he was not entitled to overtime pay because he was a salaried employee.

65. Defendants failed and/or willfully failed to pay Plaintiff Malone the overtime rates not less than one and one-half regular rate of pay for each hour worked in excess of forty (40) hours per week in violation of the New York State Labor Law § 160, *et seq*.

66. Defendants failed and willfully failed to pay Plaintiff Malone the required overtime rate since the inception of Plaintiff Malone's employment in September of 2002 through his termination on March 16, 2007.

67. As a result of the defendants New York State Labor Law violation, Plaintiff Malone is entitled to recover form the defendants his unpaid overtime compensation, an

additional amount that equals twenty five percent of the unpaid wages as liquidated damages, attorneys' fees and the costs of the action, pursuant to New York State Labor Law § 160, *et seq.*

68. Accordingly, Plaintiff Malone seeks a money judgment against defendants jointly and severally in an amount to be determined upon the trial of this action but presently believed to be in excess of $10,000,000.

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief to the Class, including plaintiff Edmond Malone:

(i) A judgment declaring this action a Collective Action under the Fair Labor Standards Act (the "Act") and order defendants to produce the names and addresses of eligible class members and approve the required notices for mailing;

(ii) A judgment declaring plaintiffs, including Plaintiff Malone, to be employees of defendants under the Act entitled to overtime pay under the Act;

(iii) A judgment declaring defendants' conduct complained of herein, to be in violation of plaintiffs' rights under the Act;

(iv) Enjoining defendants from engaging in any violations of the overtime provisions of the Act with respect to the

employees who still work for defendants including members of plaintiffs' class;

(v) Awarding to plaintiffs their unpaid overtime compensation due under Act;

(vi) Awarding plaintiffs a money judgment against defendants, jointly and severally, in an amount equal to the amount determined in (v), as liquidated damages pursuant to 29 U.S.C. § 216(b);

(vii) Awarding to plaintiffs the costs of this action together with reasonable attorneys' fees pursuant to applicable law including the FLSA, 29 U.S.C. § 216(b);

(viii) Awarding to Plaintiff Malone his unpaid overtime compensation due under New York State Labor Law for the period starting from the date of the commencement of his employment (on or about September 2002), through March 16, 2007;

(ix) Awarding to Plaintiff Malone an additional sum equal to twenty five percent (25%) of the overtime pay due under the New York State Labor Law.

(x) Awarding to Plaintiff Malone the costs of this action together with reasonable attorney's fees pursuant to the New York State Labor Law;

(xi) Awarding to plaintiffs punitive damages in an amount to be determined herein; and

(xii)  Granting to plaintiffs such other and further relief as to this Court may seem just and proper.

Dated:  White Plains, New York
        April 4, 2008

                    DANZIG FISHMAN & DECEA

            By: _____
                THOMAS B. DECEA (TD 9105)
                YENISEY RODRIGUEZ-MCCLOSKEY (YM3815)
                Attorneys for Plaintiffs
                One North Broadway, 1202
                White Plains, NY 10601
                Telephone (914) 285-1400
                Fax (914) 285-1401