UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EDMOND MALONE, Individually and on
behalf of all other Individuals similarly
situated,

                Plaintiffs,

-against-

TRI STATE LLC, TRI STATE GATE LLC,
GARON FENCE CO. INC. d/b/a BEDFORD
IRON WORKS, MATTHEW PRATO and
GREGG PRATO,

                Defendants.

------------------------------------------------------------x

Docket No. 08 CIV 3370

**ANSWER**

Hon. William C. Conner, U.S.D.J.

      Defendants TRI STATE GATE LLC, GARON FENCE CO. INC. and MATTHEW PRATO, by and through their attorneys, Hogan & Rossi, answer the allegations of the complaint as follows:

      1.    Deny the allegations set forth in paragraphs 1, 9, 10, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 29, 34, 36, 37, 38, 40, 41, and 43 of the complaint.

      2.    Admit the allegations set forth in paragraphs 2, 4, 6, 7, 8, 12, 13, 20, 28, 30, and 33 of the complaint.

      3.    Deny the allegations set forth in paragraph 3 of the complaint as no 38 U.S.C. §1391(b) claim for Veteran's Benefits is made in this action, but admits that

designation of the case for assignment to the White Plains Division of this Court is proper pursuant to Rule 21 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Division of Business Among District Judges, Southern District.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5 and 42 of the complaint.

5. Deny the allegations set forth in paragraph 11 of the complaint, except admits that defendant Garon Fence Co. Inc. is a New York corporation.

6. Admit the allegations set forth in paragraph 19 of the complaint to the extent that defendants Garon Fence Co. Inc., Tri State Gate, and Matthew Prato are in the business described therein, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph as to the remaining defendants.

7. Deny the allegations set forth in paragraph 21 of the complaint to the extent the allegations seek to limit the description of plaintiff's duties to that of a mere laborer, and affirmatively states that plaintiff Malone worked for Garon and Tri State Gate as a foreman, with the title of Head Technician, supervising the installation and servicing of gates, including electronic gates, and assisting in the installation and

servicing of same, and denies knowledge or information sufficient to form a belief as to any work performed for defendants Tri State and Gregg Prato.

8. Deny the allegations set forth in paragraph 22 of the complaint, except affirmatively states that during the various times plaintiff Malone was employed by Tri State Gate LLC and Garon he did not always perform his work but always received weekly paychecks.

9. Deny the allegations set forth in paragraph 31 of the complaint, and affirmatively state that plaintiff was a manager hired at salary.

10. Deny the allegations of paragraph 32 of the complaint, except admits a calendar book was required to be maintained by plaintiff beginning in August 2006

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the complaint.

12. Admits the allegations set forth in paragraph 39 for these answering defendants only.

13. Deny the allegations set forth in paragraph 44 of the complaint, and affirmatively states that plaintiff was informed, hired and paid by defendants Garon Fence Co. Inc. and Tri State Gate LLC based on a 60 hour work week.

## ANSWERING THE FIRST CLAIM

14. With respect to paragraph 45 of the complaint, these answering defendants repeat each and every answer set forth above as if fully repeated and set forth herein.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 46, 47, and 53 of the complaint.

16. Deny the allegations set forth in paragraph 48 and leaves all intrepretion of rules and procedures to this Honorable Court for determination.

17. Deny the allegations set forth in paragraph 49 of the complaint, and affirmatively states that the allegations do not describe individuals similarly situated with respect to plaintiff's former employment status at Garon and Tri State Gate.

18. Deny the allegations set forth in paragraphs 50, 51, 52, 54, 58 and 59 of the complaint.

19. Admit the allegations set forth in paragraphs 55 and 56 of the complaint with respect to these answering defendants, and deny having knowledge or information sufficient to form a belief as to the truth of the allegation as to the remaining defendants.

20. Admit the allegations set forth in paragraph 57 of the complaint as to Tri State Gate LLC and Garon, deny as to Matthew Prato, and deny having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendants.

## ANSWERING THE SECOND CLAIM

21. With respect to paragraph 60 of the complaint, these answering defendants repeat each and every answer set forth above as if fully repeated and set forth herein.

22. Admit the allegations set forth in paragraph 61 of the complaint as to Tri State Gate LLC and Garon Fence Co. Inc. only.

23. Deny the allegations set forth in paragraphs 62, 63, 64, 65, 66, 67 and 68 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. The complaint fails to state a cause of action against these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. As to these answering defendants, plaintiff Malone held a managerial position, and was an exempt employee hired at a salary that was not subject to any deductions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. Plaintiff Malone was informed, hired and paid based upon a 60 hour work week at an increased compensation in conformance with N.Y. Labor Law §160.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's FLSA claim is barred by the applicable statute of limitations for back pay sought prior to April 4, 2006.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff satisfies one or more of the exemptions under 29 USC §213(a) and, therefore, is not entitled to premium overtime pay pursuant to 29 U.S.C. §207.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

**WHEREFORE**, the defendants TRI STATE GATE LLC, GARON FENCE CO. INC. and MATTHEW PRATO respectfully request that the complaint be dismissed in its entirety, with prejudice, along with such other and further relief this Court deems just and proper.

Dated:   Brewster, New York
         May 12, 2008

                                    Yours, etc.

                                    HOGAN & ROSSI
                                    *Attorneys for Defendants Tri State Gate LLC,*
                                    *Garon Fence Co. Inc. and Matthew Prato*
                                    1441 Route 22, Suite 204B
                                    Brewster, New York 10509
                                    Tel. (845) 279-2986
                                    Fax (845) 278-6135

                         By:   _____
                               David Simon (DS 4445)