# DANZIG FISHMAN & DECEA

Attorneys at Law

One North Broadway
Suite 1202
White Plains, New York 10601

Thomas B. Decea†
Ronald A. Fishman†

~

Of Counsel:
Richard A. Danzig
Donald S. Campbell
Yenisey Rodriguez-McCloskey
Peter Sisca †
Laura E. Evangelista †
Clara Feldman ◇
Neil Levinbook

Phone:  (914) 285-1400
Fax:      (914) 285-1401

New York Office:
360 Lexington Avenue
12th Floor
New York, NY 10017
Phone:  (212) 616-1566
Fax:      (646) 454-4191

†Admitted in NY and CT
◇Admitted in NY and NJ

July 30, 2008

Honorable William C. Conner
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York 10601

Re: Malone v. Tri-State, et al.
Case No. 08 Civ. 3370

Dear Honorable Sir:

Enclosed please find for filing the amended complaint submitted pursuant to the conference held in chambers on July 11, 2008, wherein Your Honor authorized the amended complaint without motion and on consent of the parties.

Respectfully submitted,

Peter F. Sisca

Cc. David Simon, Esq.

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RECEIVED
JUL 3 0 2008
USDC-WP-SDNY

CASE NO: 08 CIV 3370
Hon. William C. Conner

EDMOND MALONE, Individually and on
Behalf of all other individuals
Similarly situated,

                 Plaintiff,

     -against-

TRI STATE LLC, TRI STATE GATE LLC and
GARON FENCE CO. INC., d/b/a BEDFORD
IRON WORKS, MATTHEW PRATO AND
GARY PRATO,

                 Defendants.
-------------------------------------------------------------X

<u>AMENDED COMPLAINT</u>

Jury Trial Requested

(FLSA Collective Action)

       Plaintiff Edmond Malone, by his attorney Thomas B. Decea of the firm Danzig,

Fishman and Decea, on behalf of himself and others similarly situated, complaining of

the defendants, respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

    1.    Plaintiff alleges on behalf of himself and other similarly situated employees and

former employees who worked for the defendants as unskilled and skilled laborers and in

similar capacities and were paid hourly and who were treated as employees (subject to

withholding) by the defendants, and who elect to opt into this action pursuant to the Fair

Labor Standards Act ("FLSA"), <u>29 U.S.C. 216 (b),</u> that they are: (1) entitled to unpaid

wages from defendants for overtime work for which they did not receive any overtime

premium pay, and (ii) entitled to liquidated damages and reasonable attorneys fees

pursuant to FLSA <u>29 U.S.C. 204</u> et seq.  Plaintiff Malone on behalf of himself has claims

pursuant to New York State Labor Law (i) that he is entitled to unpaid wages for

overtime work for which he did not receive overtime pay, and (ii) he is entitled to liquidated damages pursuant to New York Labor Law §§ 160, et. seq.

JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiffs' New York State law claims pursuant to 28 U.S.C. 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. 216(b).

3. .     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391(b).

4.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202.

5.     Plaintiff Malone has consented in writing to filing of this FLSA collective action and the consent is being filed with the Court.

THE PARTIES

6.     Plaintiff Edmond Malone (hereinafter "Plaintiff Malone") is a resident of the State of New York, County of Westchester.

7.     Upon information and belief, defendant Tri State Gate LLC (hereinafter "Tri State Gate") is a limited liability company formed in the State of New York.

8.     Upon information and belief, Tri State Gate has its principal offices at 323 Railroad Avenue, Bedford Hills, New York 10507

9.     Upon information and belief, Tri State LLC (hereinafter Tri State) is a fictitious entity owned and controlled by Gary Prato and Matthew Prato.

10.     Upon information and belief, Tri State LLC has its principal place of business at

2

323 Railroad Avenue, Bedford Hills, New York 10507.

11. Upon information and belief, defendant Garon Fence Co. Inc. d/b/a Bedford Iron Works (hereinafter Garon Fence) is a New York Corporation.

12. Upon information and belief, Garon Fence has its principal offices at 323 Railroad Avenue, Bedford Hills, New York 10507.

13. Plaintiff Malone was hired by Garon Fence on or about September 2002.

14. Plaintiff Malone worked for a division of Garon Fence which later became known as Tri State the fictitious company, on or about July 2006.

15. Upon information and belief, Garon Fence is a closely held corporation partially or fully owned by Gary Prato.

16. Upon information and belief, Tri State Gate, LLC is an entity whose members are Gary Prato and Matthew Prato.

17. The Plaintiff Malone was paid by a payroll check from Tri State LLC, a fictitious company.

18. Upon information and belief other Plaintiffs were paid by Tri State LLC, a fictitious company.

<u>STATEMENT OF FACTS</u>

19. Defendants are in the business of fabricating and installing fences and gates and installing and servicing electronic gates in the greater New York and Connecticut area.

20. Plaintiff Malone and the other plaintiffs were direct employees of the defendants.

21. Plaintiff Malone installed and serviced gates including electronic gates for the

defendants.

22.     Plaintiff performed his work and received weekly paychecks.

23.     Defendants required plaintiffs, including plaintiff Malone, to work in excess of forty hours per week.

24.     Defendants required plaintiffs, including plaintiff Malone, to work six (6) days per week and ten (10) hours per day.

25.     Defendants told plaintiffs, including plaintiff Malone that plaintiffs were salaried employees and therefore no overtime pay was required.

26.     Defendants posted fliers in the workplace that set forth the aforesaid policy.

27.     At all times relevant herein, defendants tracked the hours of work for each plaintiff, including plaintiff Malone.

28.     At all times relevant herein, defendants from which plaintiffs, including plaintiff Malone, received their paychecks, also withheld employment taxes such as FICA and Social Security taxes.

29.     At all times relevant herein plaintiffs, including plaintiff Malone, who worked more than forty (40) hours per week for defendants, received payment that did not exceed forty (40) hours.

30.     Plaintiff Malone on numerous occasions demanded that defendants pay plaintiffs including himself overtime for the hours worked by plaintiffs in excess of forty (40) hours per week.

31.     At all times relevant herein defendants refused to pay overtime premium pay to plaintiff Malone and other plaintiffs.

32.     Plaintiffs, including plaintiff Malone, were required to maintain a Day/Date

4

Book, detailing the time and date for each job plaintiffs were required to perform.

33.    Plaintiffs, including plaintiff Malone, were required to fill out a job ticket, containing the time spent on each job, the travel to and from the job and the materials used on each job.  Each ticket was required to be submitted to the company office each day.

34.    Plaintiffs, including plaintiff Malone, when dispatched to the three (3) annually scheduled service calls, were required to fill out service forms, detailing date, time spent and materials used and was required to file the same with the company office.

**Plaintiffs Duties Integral to Defendant's Business**

35.    At all times relevant herein the duties performed by plaintiffs for defendants were necessary and integral to defendants' operations and the conduct of their business in that the services performed directly inured to the benefit of the defendants.

**Defendants Controlled and Supervised Plaintiffs**

36.    At all times relevant herein defendants controlled and supervised plaintiffs, including plaintiff Malone.

37.    At all times relevant herein defendants set the hours of work for plaintiffs, including plaintiff Malone.

38.    At all times relevant herein defendants would not have paid plaintiffs, including plaintiff Malone, if the day/date book and job tickets were not prepared and filed in the company office.

39.    At all times relevant herein mentioned defendants had the power to terminate plaintiffs, including plaintiff Malone.

40.    Plaintiffs, including plaintiff Malone, did not have any supervisory control or

responsibility over any other employee.

41.    Plaintiffs, including plaintiff Malone, did not have the authority to hire or terminate any employee.

42.    Plaintiff worked exclusively for defendants. At all times herein mentioned plaintiffs, including plaintiff Malone, had a permanent relationship with defendants. Plaintiff Malone worked for defendants from September 2002 to March 16, 2007.

43.    Plaintiff Malone worked for defendants in excess of sixty (60) hours per week.

44.    While working for defendants, plaintiffs, including plaintiff Malone, were not paid a rate of one and one half times their regular rate of pay for all the hours worked in excess of forty (40) hours each week.

## AS AND FOR A FIRST CAUSE OF ACTION UNPAID OVERTIME - FLSA 29 U.S.C. 201 et seq.

45.    Plaintiff alleges and incorporates by reference the allegations of plaintiffs numbered "1" through "44" as though fully set forth at length herein.

46.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. 26(b) and his consent is being filed with the Court.

47.    As to plaintiffs who will opt-in to this collective action, their consents will be filed with the Court.

48.    While claims certification pursuant to FRCP Rule 23 is not required for a FLSA collective action, defining the class of eligible FLSA plaintiffs is useful and the Court will be asked to order defendants to produce the names and addresses and other information for the members of the class.

**The FLSA Class**

49.    The class of eligible opt-in plaintiffs consists of all persons who worked for

6

defendants as gate technicians, service technicians, installers and laborers who were paid at an hourly rate and whose employers withheld employment taxes such as FICA and Social Security taxes at any time from three (3) years prior to the filing of the case to the entry of judgment in this case (the "class" and "class period", respectively).

50. Although the precise number of putative class members is unknown and facts on which the calculation of that number is based are presently within the sole control of defendants. Upon information and belief, there are over forty (40) members of the class during the class period.

51. There are questions of law and fact common to this class which predominate any questions solely affecting individual members of the class, including:

> a. Whether defendants failed and/or refused to pay plaintiffs premium pay for the hours worked in excess of forty (40) hours per week pursuant to FLSA.
>
> b. Whether defendants are joint-employers of plaintiffs within the meaning of the FLSA.

52. The claims of the representative party are typical of the claims of the class and the representative party will fairly and adequately protect the interests of the class.

53. A collective action is superior to other available methods for the fair and efficient adjudication of the action particularly in wage and hour litigation where the individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

54. Defendants have at all times mentioned herein acted or refused to act on the grounds generally applicable the class thereby making appropriate an adjudication for the class as a whole.

7

55.   At all times relevant to this action plaintiffs, including plaintiff Malone, were employed by defendants within the meaning of the FLSA.

56.   At all times relevant to this action plaintiffs, including plaintiff Malone, engaged in commerce and/or defendants were an enterprise engaged in commerce including interstate commerce within the meaning of 29 U.S.C. 206(a) and 207(a).

57.   At all times relevant to this action, upon information and belief, defendants transacted and continue to transact commerce and business in excess of $500,000.00 annually or have revenues in excess of $500,000.00 annually, for all applicable periods in question.

58.   At all times relevant to this action, defendants failed and willfully failed to pay plaintiffs, including plaintiff Malone, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week, in violation of 29 U.S.C. 207.

59.   As a result of defendants' FLSA violation plaintiffs, including plaintiff Malone, are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, attorney fees, and the costs of the action, pursuant to 29 U.S.C. 216(b).

> AS FOR A SECOND CAUSE OF ACTION UNPAID
> OVERTIME – NEW YORK STATE LABOR LAW
> ARTICLE 5

60.   Plaintiff alleges and incorporates by reference the allegations of plaintiffs numbered "1" through "59" as though fully set forth at length herein.

61.   Plaintiff Malone worked for defendants as a gate technician and installer during

his employment with defendants beginning on or about September 2002 until his termination on March 16, 2007.

62.   Plaintiff Malone provided work, labor and services as a direct employee of defendants in excess of forty hours per week during his employment.

63.   Plaintiff Malone never received overtime pay in excess of forty hours (40) per week for any time he worked for defendants in excess of forty hours (40) per week.

64.   When overtime pay was requested by plaintiff Malone, defendants told plaintiff Malone that he was not entitled to overtime pay because he was a salaried employee.

65.   Defendants failed and willfully failed to pay plaintiff Malone the overtime rates not less than one and one-half regular rate of pay for each hour worked in excess of forty (40) hours per week in violation of the New York State Labor Law §§ 160, et seq.

66.   Defendants failed and willfully failed to pay plaintiff Malone the required overtime rate since the beginning of plaintiff Malone's employment in September 2002 through his termination on March 16, 2007.

67.   As a result of defendants New York State Labor Law violation, plaintiff Malone is entitled to recover from defendants his unpaid overtime compensation, an additional amount that equals twenty five percent of the unpaid wages as liquidated damages, attorneys fees and the costs of the action, pursuant to New York State Labor law §§ 160, et seq.

WHEREFORE, plaintiffs and plaintiff Malone respectfully request that this Court grant the following relief to the Class, including plaintiff Malone:

68.   Approve this action as a Collective Action under the Fair Labor Standards Act

and order defendants to produce the names and addresses of eligible class members and approve the required notices for mailing.

69. Declare plaintiffs, including plaintiff Malone, to be employees of defendants under the Fair Labor Standards Act entitled to overtime pay under the Act.

70. Declare defendants' conduct, complained of herein, to be in violation of plaintiffs' rights under the Fair Labor Standards Act.

71. Enjoin defendants from engaging in any violations of the overtime provisions of the Fair Labor Standards Act with respect to the employees who still work for defendants including members of plaintiffs' class.

72. Award plaintiffs their unpaid overtime compensation due under FLSA.

73. Award plaintiffs an additional equal amount as liquidated damages pursuant to 29 U.S.C. 216.

74. Award plaintiffs the costs of this action together with reasonable attorneys' fees pursuant to application laws including the FLSA, 29 U.S.C. 216.

**Relief to Plaintiff Malone**

75. Award plaintiff Malone the unpaid overtime compensation due him under New York State Labor Law, from the beginning of his employment on or about September 2002 through March 16, 2007.

76. Award plaintiff Malone an additional sum equal to twenty five percent of the overtime pay due for defendants' willful violations of the New York State Labor Law.

77. Award plaintiff Malone the costs of this action together with reasonable attorney's fees pursuant to the New York State Labor Law.

**Demand for Trial by Jury**

78.    Pursuant to <u>Rule 38 (b) of the Federal Rules of Civil Procedure</u>, plaintiffs

demand a trial by jury on all questions of fact raised by the Complaint.

Dated: White Plains, New York
         July 30, 2008

                                        DANZIG FISHMAN & DECEA

                                By:
                                        THOMAS B. DECEA (TD 9105)
                                        YENISEY RODRIGUEZ-MCCLOSKEY (YM3815)
                                            Attorneys for Plaintiffs
                                        One North Broadway, Suite 1202
                                        White Plains, New York 10601
                                        Tel. No.: (914) 285-1400
                                        Fax No.: (914) 285-1401

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2008, I caused a true and correct copy of the foregoing plaintiff's amended complaint to be served by electronic mail along with a courtesy copy by first class mail upon the following party:

David Simon, Esq.
Hogan & Rossi
Attorneys for Defendant Tri State Gate, LLC
Garon Fence Co. Inc. and Matthew Prato
1441 Route 22, Suite 204B
Brewster, New York 10509

THOMAS B. DECEA